# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2010

No. 09-70030

Lyle W. Cayce
Clerk

CAREY D KERR,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-372

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cary Kerr (spelled "Carey Kerr" in some court records) was convicted of capital murder and sentenced to death. Kerr brought an application for a writ of habeas corpus in the appropriate federal district court. The application was denied and so was a Certificate of Appealability ("COA"). Upon review of his application here, we also DENY a COA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-70030

In March of 2003, a jury in Tarrant County, Texas convicted Kerr of sexually assaulting and murdering Pamela Horton. The Texas Court of Criminal Appeals affirmed Kerr's conviction. During the pendency of his appeal, Kerr sought a writ of habeas corpus in a Texas trial court, which was denied. Subsequently, he petitioned the district court for habeas relief under 28 U.S.C. § 2254. The court determined that Kerr had not made an adequate showing of entitlement to a writ of habeas corpus. It further denied a COA.

In order to appeal the district court's denial of habeas relief, a petitioner must obtain a COA either from the district court or from this court. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). That showing requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation omitted). When habeas relief is denied on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination." *ShisInday v. Quarterman*, 511 F.3d 514, 520 (5th Cir. 2007) (citation omitted).

Kerr seeks a COA on the grounds that his constitutional rights were violated in these ways: (1) the indictment failed to set forth aggravating factors later submitted as special issues; (2) the prosecution was not required to disprove mitigation beyond a reasonable doubt; (3) the grand jury was not required to consider the aggravating factors warranting the capital murder charge; (4) the instructions did not inform the jury of the consequences of its

failure to agree on a special issue; (5) the trial court rejected Petitioner's requested jury charge on a special issue relating to future dangerousness; (6) the future dangerousness special issue did not properly charge the burden of proof; and (7) the current method of execution by lethal injection violates the Eighth Amendment.

We will group some of his arguments for analysis.

*A.    Defects in the Indictment*

Kerr's first and third claims allege deficiencies in the indictment. Specifically, Kerr asserts that his Fifth and Fourteenth Amendment rights were violated because the indictment failed to allege aggravating factors that were later submitted to the jury in the punishment phase of his trial.  Kerr relies on the Fifth Amendment's right to a grand jury indictment in support of this argument.  He also cites one of our decisions which held that aggravating factors rendering a defendant eligible for the death penalty in a federal prosecution must be stated in the indictment. *See United States v. Robinson*, 367 F.3d 278, 288 (5th Cir. 2004).

As the district court noted, however, the right to a grand jury indictment has not been extended to the States through the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994).  Indeed, in *Robinson*, we addressed only the requirement of a grand jury indictment in a *federal* prosecution. *See Robinson*, 367 F.3d at 288.  Although Kerr argues that the grand jury clause "could and should be" extended to the states, neither the Supreme Court nor this court has done so to date.

To the extent that Kerr argues that the inadequate indictment impermissibly expands the prosecutor's discretion to seek the death penalty, he has not identified any precedent depriving state prosecutors of that discretion. Accordingly, reasonable jurists would not find the district court's resolution of these claims to be debatable or wrong.

B.    *Burden of Proof for the Mitigation Special Issue*

Kerr alleges that his Sixth and Fourteenth Amendment rights to a jury trial were violated because the State was not required to prove *beyond a reasonable doubt* that no sufficient mitigating evidence warranted a sentence less than death. In Texas, once a defendant is found guilty of capital murder, the jury must answer two special issues unanimously to impose death. *See* Tex. Code Crim. Proc. Ann. art. 37.071 § 2. The first assesses the "future dangerousness" of the defendant, which the State is required to prove beyond a reasonable doubt. *Id*. § 2(c). The jury is asked "[w]hether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." *Id*. § 2(b)(1). If answered in the affirmative, the jury next addresses issues of mitigation, asking "whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment without parole rather than a death sentence be imposed." *Id*. § 2(e)(1). The mitigation issue assigns no burden of proof. If the jury answers "yes," the defendant receives a life sentence. *Id*. § 2(g) If it answers "no," the punishment is death. *Id*.

Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Ring v. Arizona*, 536 U.S. 584 (2002), Kerr asserts that a jury must be required to find a lack of mitigation beyond a reasonable doubt in order to impose death. We disagree. We have previously addressed the necessity of an assigned burden of proof for the mitigation special issue in Texas's death penalty scheme. *See Rowell v. Dretke*, 398 F.3d 370, 376-78 (5th Cir. 2005). We observed in *Rowell* that no Supreme Court or Circuit precedent requires mitigation to be proved beyond a reasonable doubt. *Id*. Consequently, we concluded that relief was not available under the AEDPA standard. *Id*. Kerr's claim in this regard is foreclosed. *See*

No. 09-70030

*also Avila v. Quarterman*, 560 F.3d 299, 314-15 (5th Cir. 2009) (finding that the court was bound by precedent to reject petitioner's argument that the jury was required to find a lack of mitigating evidence beyond a reasonable doubt).

C.    *Jury Instructions About Failure to Agree on a Special Issue*

Kerr claims that his due process rights, as well as his Eighth and Fourteenth Amendment rights, required that the jury be instructed on the consequences of failing to agree on the special issues alleged in the punishment phase. The crux of Kerr's complaint is that jurors were not informed that a single "hold-out" juror could prevent the imposition of the death penalty and effectuate a life sentence. The Texas sentencing scheme requires a unanimous "yes" as to the future dangerousness issue and a unanimous "no" on the mitigation issue in order to impose the death penalty. Tex. Code Crim. Proc. Ann. art. 37.071 § 2(d)(2) & (e). The statute also requires that ten or more jurors vote together to answer the future dangerousness issue "no" or the mitigation issue "yes" – either of which would result in a life sentence. *Id*. The statutory instruction does not inform the jury that a failure to meet the "ten vote" requirement results in a de facto life sentence.

The Supreme Court has previously rejected this argument. *Jones v. United States*, 527 U.S. 373, 381-83 (1999). The Court concluded that a jury need not be told what happens procedurally when a verdict cannot be reached. While the jury may not be "affirmatively misled regarding its role in the sentencing process," a court is not required to instruct the jury "as to the consequences of a breakdown in the deliberative process." *Id*. at 381-82. The instruction in this case accurately recited the governing law. Kerr's claim that the court's failure to instruct the jury on the effect of a deadlock is without merit.

No. 09-70030

*D.    Denial of Kerr's Requested Jury Instruction on the Future Dangerousness Special Issue*

Kerr's habeas petition argued that the trial court improperly rejected Kerr's requested jury charge on the burden of proof for the future dangerousness special issue in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. However, Kerr has not identified where in the record he requested a special instruction on this issue nor an instance where the court rejected it. He also did not argue on direct appeal or when seeking state habeas relief that any such instruction was refused. Habeas relief is precluded where the applicant has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(b). Kerr's claim is therefore unexhausted and procedurally barred.

*E.    The Burden of Proof on the Future Dangerousness Special Issue*

Kerr further asserts that the use of the word "probability" in the future dangerousness special issue impermissibly lowers the State's burden of proof. As previously discussed, the State must prove future dangerousness beyond a reasonable doubt. The word "probability," Kerr claims, is unconstitutionally vague.

Kerr cites no authority supporting his theory that reasonable jurists could disagree that the wording of the special issue lowers the burden of proof. A claim not adequately briefed is deemed abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, we have previously refused to entertain an identical argument, because its application would violate the anti-retroactivity doctrine of *Teague v. Lane*, 489 U.S. 288, 316 (1989). *See Rowell*, 398 F.3d at 377-78. Pursuant to *Teague*, Kerr may not obtain habeas relief based on rules of constitutional law not yet announced at the time his conviction became final. *Teague*, 489 U.S. at 310. Granting relief here would require retroactive application of a new rule of constitutional law on federal habeas review. Because

6

no court has previously found the wording of Texas's future dangerousness special issue to be unconstitutionally vague, Kerr is not entitled to relief.

*F.     The State's Use of Pancuronium Bromide in its Execution Process*

In his final argument, Kerr insists that Texas's use of pancuronium bromide in the lethal injection process violates the Eighth Amendment prohibition against cruel and unusual punishment. This claim is foreclosed by the Supreme Court's decision in *Baze v. Rees*, 553 U.S. 35 (2008), in which the Court upheld the constitutionality of using pancuronium bromide in lethal injections. Kerr's argument is thus without merit.

Kerr has not demonstrated that reasonable jurists would debate the district court's resolution of his claims. Accordingly, we DENY a COA.