# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2023

Lyle W. Cayce
Clerk

No. 22-70005

Matthew Johnson,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2310

ON PETITION FOR REHEARING EN BANC

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:

The petition for rehearing *en banc* fails to identify a ground warranting review by the *en banc* court. Accordingly, the petition is DENIED. We briefly address the arguments presented in the petition, as well as the ethical concerns posed by counsel's behavior in this litigation.

\* \* \*

Appellant Matthew Johnson filed a petition for a writ of habeas cor-

pus, and separately moved to recuse the district judge to whom that petition was assigned. On appeal, we denied Johnson's motion for a certificate of appealability, explaining that each of his arguments had already been considered and rejected by binding precedent. For that reason, reasonable jurists would not debate the correctness of the district court's denial of post-conviction habeas relief. *Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

We also affirmed the district court's denial of Johnson's motion to recuse. Johnson sought recusal on two bases. First, because the district court ordered counsel to show cause why they should not be sanctioned for raising frivolous arguments. Fed. R. Civ. P. 11(b); Mod. R. Prof. Cond. 3.1. And indeed, each of Johnson's arguments—that the "future dangerousness" element of the State of Texas's capital sentencing statute is unconstitutionally vague; that jury predictions of future dangerousness are inherently unreliable; that Johnson's non-violent behavior while incarcerated retroactively disproves the jury's finding that he posed a future threat to society; and that the Constitution requires the State to prove beyond a reasonable doubt that mitigating circumstances do not warrant a life's incarceration rather than a capital sentence—are foreclosed by multiple, binding precedents.[1]

---

[1] *See Tuilaepa v. California*, 512 U.S. 967, 974 (1994) (holding that the State's future dangerousness element is not unconstitutionally vague) (quoting *Jurek v. Texas*, 428 U.S. 262, 274–76 (1976)); *Woods v. Johnson*, 75 F.3d 1017, 1034 (5th Cir. 1996) (same); *Buntion v. Lumpkin*, 982 F.3d 945, 948–50 (5th Cir. 2020) (concluding that developments in social science have not altered the proposition that a jury can accurately determine future dangerousness); *id.* at 950–51 (explaining that a prisoner's non-violent conduct after conviction does not undermine the jury's determination that he poses a future threat of danger); *Rowell v. Dretke*, 398 F.3d 370, 378 (5th Cir. 2005) (upholding the constitutionality of not requiring the State to disprove mitigation beyond a reasonable doubt); *Sprouse v. Stephens*, 748 F.3d 609, 622 (5th Cir. 2014) (same); *Scheanette v. Quarterman*, 482 F.3d 815, 828 (5th Cir. 2007) (same).

To be sure, ethical rules and rules of civil procedure allow counsel to advocate for a modification in the law. But when doing so, counsel is unquestionably obligated to recognize contrary authority. *See* Mod. R. Prof. Cond. 3.3(a)(2) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."); Tex. Disciplinary R. Prof. Cond. 3.03(a)(2) (same).

Johnson's attorneys failed to do so. Both before the district court and on appeal, counsel failed to cite any of the binding precedents listed above. Nor could they reasonable argue that there were not aware of these precedents. Indeed, the same lawyers raised the exact same arguments just three years ago in *Buntion v. Lumpkin*. The district court was well within its discretion to consider whether counsel's lack of candor warranted sanctions.

The second basis Johnson gave for recusal was the district court's initial instruction that he file his habeas petition by May 1, 2020. A one-year statute of limitations applies to federal post-conviction habeas petitions. 28 U.S.C. § 2244(d)(1). The state court denied Johnson's state habeas petition on September 11, 2019, so the statute required that he file his federal petition by no later than September 11, 2020. The district court ultimately granted Johnson's motion to extend his deadline to file his petition.

Johnson understood the initial case-management order as violating his alleged right to wait until September 11, 2020 to file his habeas petition, and construed the court's order as evidence of bias against him. We rejected the argument that the district court's order demonstrated bias or prejudice, explaining that the court's order would not cause a reasonable person to "harbor doubts about the district court's impartiality." *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999).

Johnson now petitions for rehearing *en banc*, arguing that the panel

opinion stands for the proposition that a district court has power to shorten the one-year statute of limitations. The opinion stands for no such thing. It holds only that the district court's case-management order is not a ground for disqualification under 28 U.S.C. § 455(a). Especially probative for that holding is the fact that the district court ultimately *granted* Johnson the extension he sought. Our conclusion that the district court was not required to recuse says nothing about the hypothetical issue of whether a district court would commit legal error if it did order a post-conviction habeas petitioner to file his petition before the deadline provided by the statute of limitations.

Especially given that counsel are already testing the limits of their duties of good faith and candor, we would have expected them to show better judgment in discerning whether to file a petition for rehearing *en banc*—especially one that badly misstates the opinion's conclusion. A good-faith reading of the court's opinion clearly shows that it does not hold what counsel says it holds. Petitions for rehearing *en banc* are an "extraordinary procedure" that should be used only to bring the court's attention to an issue of "exceptional public importance" or one that "directly conflicts" with on-point Supreme Court or prior Fifth Circuit precedent. 5th Cir. R. 35 I.O.P. Given the deficiencies discussed above, Johnson's petition does not rise to that level. Counsel are strongly encouraged to confine future arguments to the limits imposed by applicable ethical rules.

Treating the petition for rehearing en banc as a petition for panel rehearing (5th Cir. R. 35 I.O.P.), the petition for panel rehearing is DENIED. Because no member of the panel or judge in regular active service requested that the court be polled on rehearing *en banc* (Fed. R. App. P. 35 and 5th Cir. R. 35), the petition for rehearing *en banc* is DENIED.