Miguel Angel MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 71481.

Court of Criminal Appeals of Texas, En Banc.

Dec. 14, 1994.

Rehearing Denied April 5, 1995.

**656**

Gerald H. Goldstein, Cynthia Hujar Orr, San Antonio, for appellant.

Jose M. Rubio, Jr., Dist. Atty., and Fausto Sosa, Asst. Dist. Atty., Laredo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

Appellant, Miguel Angel Martinez, was convicted of capital murder after a jury found him guilty under Texas Penal Code § 19.03(a)(6)(A) of murdering more than one person during the same criminal transaction.[1] Punishment was assessed at death. Appeal to this Court is automatic under Article 37.071(h).[2] We will affirm.*

■ In his first point of error, appellant contends that the trial court erred by failing to include an "anti-law of parties" instruction in the punishment-phase jury charge, specifying that only the defendant's conduct could be considered in answering the special issues and that the law of parties did not apply. To guide its deliberations during the guilt/innocence phase of appellant's trial, the jury received a twelve-page charge, which included an instruction applying the law of parties and requiring a verdict of guilty on the capital murder charge if the jury found that appellant intentionally aided and assisted Miguel Angel Venegas in carrying out the three killings.[13] After return of a guilty verdict,

---

1. The 1995 version of the Texas Penal Code lists this provision under § 19.03(a)(7)(A).

2. All articles cited are contained in the Texas Code of Criminal Procedure, unless otherwise noted.

* Publish in part. Only the discussion of point of error number one, beginning with the last paragraph on page twenty-seven and ending immediately before the first full paragraph on page thirty, is designated for publication. The remainder of the opinion shall not be published. *Rabbani v. State*, 847 S.W.2d 555 (Tex.Crim.App. 1992).

13. The specific language in the charge reads: [I]f you find from the evidence beyond a reasonable doubt that on or about the 18th day of January, 1991, in Webb County, Texas, MIGUEL ANGEL VENEGAS did intentionally or knowingly cause the death of more than one individual, in the same criminal transaction, to-wit: JAMES D. SMILEY, DANIEL DUENEZ, and RUBEN MARTINEZ, JR., with a deadly weapon, to-wit: a knife, that in the manner of its use or intended use was capable of causing serious bodily injury or death, and by striking JAMES D. SMILEY and RUBEN MARTINEZ, JR., with an axe, and that the defendant, MIGUEL ANGEL MARTINEZ, then and there knew of the intent, if any, of said MIGUEL ANGEL VENEGAS, to stab JAMES D. SMILEY, DANIEL DUENEZ, and RUBEN MARTINEZ, JR., and the defendant, MIGUEL ANGEL MARTINEZ, acted with intent to promote or assist the commission of the offense by MIGUEL ANGEL VENEGAS by aiding or attempting to aid, MIGUEL ANGEL VENEGAS to commit the offense of murder, causing the deaths of JAMES D. SMILEY, DANIEL DUENEZ and RUBEN MARTINEZ, JR., you will find the defendant, MIGUEL ANGEL MAR-

the trial moved into the punishment phase, during which the jury listened to additional testimony relevant to their consideration of the special issues. The jury then received the punishment charge from the court, which read in relevant part:

> You are further instructed that in answering the issues submitted to you, you will confine yourselves, in answering the following issues to the conduct of the defendant standing alone.

Subsequently, both special issues were answered in the affirmative and punishment was assessed at death.

The law of parties may not be applied to the three special issues under Art. 37.071(b). *Green v. State,* 682 S.W.2d 271, 287, (1984) overruling *Wilder & Armour v. State,* 583 S.W.2d 349 (Tex.Crim.App.1979). The reason for excluding party liability during the punishment phase of a capital trial is that the Eighth and Fourteenth Amendments allow a sentence of death to be imposed only upon a defendant "shown to be culpable due to his own actions, intentions, and expectations and not those of his cohorts." *Green,* 682 S.W.2d at 287 (applying *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982)); *see also Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987).

The State may benefit from an instruction on the law of parties in the jury charge during the guilt/innocence phase. Such an instruction, however, is intentionally omitted from the punishment-phase charge because of the Eighth Amendment requirements discussed *supra.* Nevertheless, omission of a law of parties instruction during the punishment phase is an insufficient protection of the defendant's Eighth Amendment rights, as a risk remains that the jury may mistakenly apply the law of parties if party liability was an issue during the guilt/innocence phase of the trial. To avoid such confusion and to protect the defendant's rights, we have held that:

> where a law of parties charge is given during the guilt/innocence phase of a capital case a prophylactic instruction should be given, if requested, which would in-

struct the jury to limit its consideration of punishment evidence to conduct shown to have been committed by the defendant.

*Belyeu v. State,* 791 S.W.2d 66, 72 (Tex.Crim. App.1989), *cert. denied,* 499 U.S. 931, 111 S.Ct. 1337, 113 L.Ed.2d 269 (1991), citing *Marquez v. State,* 725 S.W.2d 217, 225 (Tex. Crim.App.1987). Such an instruction has come to be known as an "anti-parties" charge. *See Belyeu,* 791 S.W.2d at 73.

In the instant case, an anti-parties charge was appropriate to prevent jury confusion. Contrary to appellant's contentions, however, such a charge *was* submitted to the jury during the punishment phase of the trial where, directly above the listing of the special issues, the trial judge ordered the jurors "[to] confine yourselves, in answering the following issues to the conduct and acts of the defendant *standing alone.*" (Emphasis added.) Appellant suggests that this language was not an anti-parties charge because, in his view, the trial court needed to further instruct the jury that the instructions pertaining to the law of parties given during the guilt/innocence phase of the trial should not be considered. We disagree.

■ We have never held that any particular language must be used before an instruction will be deemed an anti-parties charge, and we decline to establish such a rule today. Rather, an instruction qualifies as an anti-parties charge if it accomplishes the purpose for which it is intended—namely, if it protects the defendant's constitutional rights by ensuring that a jury's punishment-phase deliberations are based solely upon the conduct of that defendant and not that of another party. We find that the instruction given in this case met this standard and therefore constituted an anti-parties charge. This rationale is supported by our prior holding in *Hawkins v. State,* 660 S.W.2d 65, 81–82 (Tex. Crim.App.1983), where we noted that, "[w]hen a refused charge is substantially the same or is adequately covered by the charge given, there is no harm in failure to give the refused instruction." Appellant's first point of error is overruled.

TINEZ, guilty of capital murder as charged in

the indictment; . . . .

The judgment of the trial court is AFFIRMED.

CLINTON, J., dissents.