# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41313

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2015

Lyle W. Cayce
Clerk

RICHARD NICKLESON,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Richard Nickleson was convicted of murder in 2004 and sentenced to 38 years imprisonment for shooting a man with whom he had recently been involved in a drug deal. On direct appeal, he unsuccessfully raised various state law issues including insufficiency of the evidence. He then sought state habeas relief for claims based on ineffective counsel, inadmissible extraneous offense evidence, and a biased juror.

For the first time in federal court, he asserted that his trial was fundamentally unfair because of "cumulative errors" committed at trial. The district court, while indicating its concern about various aspects of the trial, ultimately denied relief on this theory. We hold that Nickleson's newly raised

No. 13-41313

ground for relief from conviction was unexhausted in the state courts and procedurally barred from review in the federal courts.

## BACKGROUND

Apart from the testimony of Officer Gardner, the case against Nickleson was circumstantial. As the district court summarized it,

> [w]itnesses placed Nickleson in the neighborhood at the time of the shooting. A witness placed him in the vehicle with the deceased within half an hour of the shooting. Witnesses saw a large black man in a predominantly Hispanic neighborhood moments after the shooting, walking away from the scene. Three other witnesses who gave Richard Nickleson a ride noted his apparent dismay at seeing police cars near where he told them he wanted to go. Admitted at trial was Lt. Gardner's testimony that [Nickleson's] uncles allegedly told Gardner that Richard admitted to being involved in the shooting and Richard Nickleson's admissions to acquaintances at 342 Balboa that someone was shooting at him.

The officer's incriminating testimony was admitted twice during trial, once pertaining to each of Nickleson's uncles. The first time, over a hearsay objection by defense counsel, the testimony was admitted not for the truth of the matter asserted but only to show the reason that Officer Gardner was brought into the case. That is, the officer had had a telephone conversation with his friend, Nickleson's uncle Troy, who told him Richard had been involved in a shooting and wanted to turn himself in. The hearsay objection was overruled. The second time, Officer Gardner stated that, while on his way, he called Richard's uncle Guy, who also informed him that the shooting appeared to be in self-defense "from what Richard had told them." No objection was raised to this testimony.

Guy Nickleson took the stand and denied that he talked to Officer Gardner about any admissions by Richard. Troy testified that he had not spoken to Richard at all on the fatal day. The jury was able to evaluate the witnesses' credibility, and they convicted Richard.

2

No. 13-41313

On direct appeal, Nickleson raised the following state law points: (1) improper reference to his prior felony conviction in examination of a defense witness; (2) evidence that he traded drugs for use of the victim's SUV earlier in the day revealed an improper extraneous offense; and (3) legal and factual insufficiency of the evidence. In regard to the third point, the appellate court noted that no objection had been made to the admission of Officer Gardner's conversation with Guy Nickleson.[1] The appellate court discussed and rejected each of Nickleson's arguments, affirming the conviction.

Nickleson next filed a *pro se* state habeas petition in which he asserted error, again, in the admission of the prior felony offense and insufficiency of evidence to convict. He also alleged that his trial counsel was ineffective for (1) failing to object when the prosecutor "vouched" for a witness's testimony; (2) failing to move to suppress Officer Gardner's incriminating testimony; and (3) failing to seek a mistrial for a juror's expressed bias. Because the repetitive claims had already been rejected by the state court, the State responded only to the ineffectiveness claims by submitting an affidavit of Nickleson's trial counsel. The "very experienced"[2] defense attorney explained his strategic decisions concerning each claim. In particular, he did not move to suppress Gardner's testimony before trial because Officer Gardner had refused to speak to him, and he was uncertain that Gardner would in fact reveal any incriminating conversation. He did not object to admission of the testimony about Gardner's conversation with Guy Nickleson because in putting Guy on the witness stand, he felt that his witness's credibility would counteract Gardner's contrary testimony. The state habeas court rejected the petition.

---

[1] The court inadvertently attributed the statement to Troy, but its meaning is clear.

[2] Counsel for the state so described Mr. Garza, the defense attorney, without contradiction during the federal habeas hearing.

No. 13-41313

Moving to federal court, Nickleson sought habeas relief on essentially the grounds presented in his state petition. The state moved for summary judgment. The magistrate judge proposed denying relief with a comprehensive memorandum, which the district court initially adopted. Less than two weeks later, however, the court sua sponte vacated its judgment. Eventually, the district court appointed counsel for Nickleson and held a hearing on his application.

At the hearing, Nickleson's counsel for the first time asserted that three trial court "errors" combined to deprive the petitioner of a fundamentally fair trial. Counsel focused on the admission of Nickleson's prior felony offense during cross-examination of a witness, the evidence of the trade of crack cocaine for use of the victim's car, and Officer Gardner's testimony. The state objected that no claim of cumulative error had been exhausted in state court, and it was procedurally barred from federal review or, alternatively, meritless. The court had examined the state court record in detail and closely questioned both sides' contentions during the hearing. The judge indicated more than once that he would have tried the case differently. In the end, however, he acknowledged a sense that habeas relief must be denied based on the federal standards. The court's written opinion denied relief on the merits, concluding that "the individual issues were primarily issues of state evidence law and did not so infect the entire trial that the resulting conviction violates due process." The court found "no cumulative error," but it granted a certificate of appealability. Nickleson appealed.

No. 13-41313

## DISCUSSION

Nickleson's appeal raises exclusively the issue of cumulative error as the cause of a fundamentally unfair trial. As in the district court, the alleged errors include the admission of his prior felony conviction during cross-examination;[3] the admission of the drugs-for-car exchange earlier in the day as relevant to petitioner's possible motive for the murder; the admission of Officer Gardner's testimony over hearsay objection; and ineffective assistance of counsel for his failures to (a) seek pretrial suppression of the Gardner testimony, (b) object to Gardner's testimony concerning Guy Nickleson, and (c) object during the prosecutor's closing argument. Nickleson acknowledges that "according to the Texas courts of appeal," the errors are not "reversible in and of themselves."

In reviewing the denial of § 2254 relief, this court reviews issues of law de novo and findings of fact for clear error, applying the same deference to the state court's decision as the district court under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). According to AEDPA, federal courts may not grant habeas relief for any claim that was adjudicated on the merits in the state court proceedings, unless the state court's denial of relief, *inter alia*, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).[4] Further, no habeas application may be granted unless the applicant has exhausted available remedies in state courts. 28 U.S.C. §§ 2254(b)(1) and (c).

---

[3] The state trial court actually sustained counsel's objection and instructed the jury to disregard the question, but it denied a motion for mistrial.

[4] We note that the State contends that the theory of cumulative error has never been accepted by the Supreme Court and thus cannot fulfill this threshold requirement of § 2254(d). That issue need not be addressed here.

No. 13-41313

Not only is exhaustion of state remedies required, but a petitioner may not receive habeas review on any issue whose resolution would be barred by a state procedural rule. *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014). The district court rejected Nickleson's claim without considering exhaustion and procedural bar, but these doctrines are decisive, and the state properly raised them. *See Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010).

The above review of state proceedings demonstrates that although Nickleson has consistently maintained that certain evidence was improperly admitted at his trial, not until the hearing on federal habeas corpus did appointed counsel first raise the theory of unconstitutional cumulative error. Nickleson's objections and briefing to the state courts dwelt on state law questions; they did not cite the cases on which he relies in this court, nor did they raise any issue of cumulative error under the Fourteenth Amendment. In post-conviction pleadings, he characterized a prosecution question as violative of due process and some of his evidentiary or mistrial complaints as proof of counsel's constitutional ineffectiveness under the Sixth Amendment. The state courts reasonably addressed the issues only in terms of his arguments.

Indeed, shortly after Nickleson's counsel began his presentation to the federal district court, highlighting the cumulative error argument, the State's attorney immediately objected that this theory had not been raised or preserved in the state court proceedings. Nickleson did not dispute this objection, although counsel continued to claim that the individual errors added up to a cumulative denial of a fair trial.

The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and "a desire to protect the state courts' role in the enforcement of federal law." *Castille v.*

*Peoples*, 489 U.S. 346, 349 (1989) (internal quotation marks omitted) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). To satisfy these important purposes, a petitioner must "fairly present[]" his legal claim to the highest state court in a procedurally proper manner. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). The state courts must be apprised of the constitutional foundation of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Finally, "'[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'" *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)). Consequently, "'where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement.'" *Id.* (quoting *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)).

It might be contended that Nickleson effectively raised in the state courts each of the underlying errors on which his claim of fundamental unfairness depends, and it is but a small step for this court consequently to evaluate their ultimate impact. Nickleson's briefing seems to suggest this, but he cites only federal criminal cases that were decided on direct review by this court. *See, e.g.*, *United States v. Delgado*, 672 F.3d 320, 343-44 (5th Cir. 2012) (en banc). To be sure, on direct review, "[t]he cumulative error doctrine . . . provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *Id.* (omission in original) (quoting *United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998)). To take this step here, however, would displace the federal habeas authorities just cited and ignores the distinction between direct and collateral review of criminal convictions. Pursuant to our authorities, because Nickleson did not fairly present to the

state courts that the cumulative effect of "errors" denied him due process and a fundamentally fair trial, he failed to exhaust this claim. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001).[5]

Further, no other circuit court has yet held that cumulative error claims against state convictions may be reviewed in federal proceedings without exhaustion; instead, they have applied the conventional exhaustion principles. *See, e.g.*, *Collins v. Sec'y of Pa. Dep't of Corrs.*, 742 F.3d 528, 541-42 (3d Cir.), *cert. denied sub nom.*, *Collins v. Wetzel*, 135 S. Ct. 454 (2014) (holding that a state prisoner's claim of cumulative error, as a basis for establishing the prejudice prong for a claim of ineffective assistance of trial counsel, was a standalone constitutional claim subject to AEDPA procedural bar); *Gonzales v. McKune*, 279 F.3d 922, 925 (10th Cir. 2002) (en banc) (rejecting petitioner's argument that exhaustion requires only that the substance of the claim be presented and concluding the cumulative error argument was unexhausted and procedurally barred because a cumulative error claim was never presented to state court). We agree with these courts' conclusions.

Not only is this cumulative error claim unexhausted, it is also procedurally barred from federal review because of Nickleson's failure to raise

---

[5] The exhaustion requirement has not expressly been applied to a cumulative error claim in this court before. This court decided in 1992 that any recognition of cumulative error in a habeas corpus proceeding must be carefully hedged to preserve the established boundaries of federal review. *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992) (en banc). Accordingly, any cumulative error theory pled in habeas must refer only to actual errors, not merely unfavorable rulings; the errors must not be procedurally barred from federal review; and any state-law errors must "so infuse[] the trial with unfairness as to deny due process of law." *Id.* (quoting *Lisenba v. California*, 314 U.S. 219, 228 (1941)). Significantly, no issue of failure to exhaust a theory of cumulative error arose in *Derden* because that petitioner had asserted that numerous grounds of claimed fundamental unfairness "contributed to an unfair trial" in the state courts. *Id.* at 1455 n.2. Although one court has misinterpreted *Derden* to imply that it dispensed with the exhaustion doctrine when considering a claim of cumulative error, it was wrong. *See Collins v. Sec'y of Pa. Dep't of Corrs.*, 742 F.3d 528, 541-42 (3d Cir.), *cert. denied sub nom.*, *Collins v. Wetzel,* 135 S. Ct. 454 (2014).

it timely in the state courts. Any attempt at this date would be deemed an abuse of the writ under the Texas courts' regular and strict application of its procedural rules. *See, e.g.*, *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). The only exception to the procedural bar doctrine requires findings of "cause" and "prejudice," which have neither been asserted nor apply here.

For these reasons, we **AFFIRM** the district court's judgment denying habeas relief.