# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-70039

JOSEPH C. GARCIA,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-2185

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:*

      Joseph C. Garcia was convicted of capital murder and sentenced to death in a Texas state court for the December 2000 killing of Irving, Texas, police officer Aubrey Hawkins. The Texas Court of Criminal Appeals (TCCA) summarized the facts of the crime as follows:

> On December 13, 2000, seven inmates, including [Garcia], escaped from the Texas Department of Criminal Justice Connally Unit,

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-70039

taking with them a number of firearms stolen from the unit.  On December 24th, the group committed a robbery at a sporting-goods store in Irving, killing Irving police officer Aubrey Hawkins as they fled.  The escapees used the weapons they stole from the prison to commit the robbery and murder.  The escapees then made their way to Colorado where they lived in an RV park until January 2001, when six were apprehended and one committed suicide.

The TCCA upheld Garcia's conviction and sentence on direct appeal.  *See Garcia v. State*, No. AP-74692, 2005 WL 395433, at *1 (Tex. Crim. App. Feb. 16, 2005).  Garcia filed a state post-conviction application for a writ of habeas corpus, but the TCCA denied relief.  *See Ex parte Garcia*, No. WR-64,582-01, 2006 WL 3308744, at *1 (Tex. Crim. App. Nov. 15, 2006).

Garcia then filed a federal habeas application under 28 U.S.C. § 2254, in which he included several claims that he had not presented to the state courts. The district court held an evidentiary hearing as to some of those unexhausted claims to determine if Garcia could establish cause and prejudice for his procedural default.  However, the court excluded from the evidentiary hearing Garcia's claims of ineffective assistance of counsel at jury selection. Ultimately, the district court denied relief on all of Garcia's claims and denied a certificate of appealability (COA).  Garcia now seeks a COA from this court on his claims that: (1) trial counsel rendered ineffective assistance in failing to request an "anti-parties" jury charge; (2) trial counsel rendered ineffective assistance in failing to object to the prosecutor's closing argument; (3) appellate counsel rendered ineffective assistance in failing to challenge on appeal the trial court's admission of evidence of Garcia's prison escape; (4) the term "probability," as used in the jury charge, is unconstitutionally vague; and (5) the State's death-penalty scheme is unconstitutional because it does not require the jury to find the lack of sufficient mitigating circumstances beyond a reasonable doubt.  Garcia also appeals the district court's denial of evidentiary hearings as to his claims that trial counsel rendered ineffective

2

No. 15-70039

assistance at jury selection. For the following reasons, we deny a COA as to all of Garcia's claims and affirm the district court's denial of evidentiary hearings. We discuss Garcia's requests for a COA before turning to his appeal of the district court's denial of evidentiary hearings.

## I.  APPLICATION FOR COA

Our review of this § 2254 habeas proceeding is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). Under AEDPA, a habeas applicant may not appeal the district court's denial of habeas relief unless he first obtains a COA from either the district court or this court. § 2253(c). We may grant a COA only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court rejects an applicant's constitutional claims on the merits, we will issue a COA only if the applicant shows that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). We must decide this "threshold question . . . without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El*, 537 U.S. at 336). In a case that involves the death penalty, any doubts as to whether a COA should issue must be resolved in favor of the applicant. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

AEDPA requires federal courts to give substantial deference to state court decisions. *See Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005). A federal court cannot grant habeas relief regarding any claim adjudicated on the merits in state court proceedings unless, as relevant in this case, the state court's decision "involved an unreasonable application of[] clearly established Federal law[] as determined by the Supreme Court of the United States."

3

§ 2254(d)(1).  A state court's decision involves an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008).

If a claim was not exhausted in state court, a prisoner may obtain federal review only if he shows cause for that default and actual prejudice as a result of the alleged violation of federal law.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Once cause and prejudice have been established, the district court reviews the claim in the first instance; because the claims have not been "adjudicated on the merits in State court proceedings," the deferential standard of review under § 2254(d) does not apply.  Rather, a federal court's review of an unexhausted claim is de novo.  *See Porter v. McCollum*, 558 U.S. 30, 39 (2009).

### a.  Ineffective Assistance of Counsel

A habeas applicant who wishes to demonstrate ineffective assistance of counsel must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  In considering an ineffective-assistance claim, the court must apply a "strong presumption" that counsel's performance was within the wide range of reasonable professional assistance.  *Id.* at 689.  "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

To show prejudice, an applicant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Strickland*, 466 U.S. at 694. Reasonable probability means "a probability sufficient to undermine confidence in the outcome." *Id.* An applicant "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693. In his application for a COA, Garcia asserts multiple claims of ineffective assistance of counsel. We address each of them in turn.

### i. Trial counsel's failure to request anti-parties charge

Garcia contends that his trial counsel rendered ineffective assistance in failing to request an "anti-parties" charge at the penalty phase of his trial. Under the Texas Law of Parties, contained in section 7.02 of the Texas Penal Code, a defendant may be held criminally responsible for the conduct of another under certain circumstances.[1] The TCCA has held that if a jury is instructed on the Law of Parties in the guilt phase of a capital trial, the trial court should, upon the defendant's request, submit an "anti-parties" charge during the penalty phase. *Martinez v. State*, 899 S.W.2d 655, 656–57 (Tex. Crim. App. 1994). An anti-parties charge informs the jury that it must limit its consideration of punishment evidence to the defendant's conduct, *id.* at 657, and it is meant to comply with the constitutional directive that, for the purposes of imposing the death penalty, the "punishment must be tailored to [the defendant's] personal responsibility and moral guilt," *Enmund v. Florida*, 458 U.S. 782, 801 (1982). During the guilt phase of Garcia's trial, the jury received a Law of Parties instruction. He contends that he was therefore

---

[1] As relevant here, section 7.02(b) provides:

If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

entitled to an anti-parties charge at the penalty phase of his trial and that his trial counsel was ineffective in failing to request such a charge.

At the punishment phase of his trial, Garcia's jury was asked to answer three "special issues" pursuant to article 37.071, section 2 of the Texas Code of Criminal Procedure. The jury was required to answer the questions presented in the first two special issues affirmatively before the death penalty could be imposed. In the second special issue, the jury was asked:

> Do you find from the evidence beyond a reasonable doubt that the defendant, JOSEPH C. GARCIA, actually caused the death of the deceased, Aubrey Hawkins, or did not actually cause the death of the deceased but intended to kill the deceased or another or anticipated that a human life would be taken?

The jury answered this question in the affirmative.

In denying Garcia's state habeas application, the TCCA held that the second special issue provided a sufficient anti-parties charge under Texas state law. Thus, to the extent that Garcia's claim is based on state law, its lack of merit is not debatable among jurists of reason. *See Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011) ("We defer to the Texas Court of Criminal Appeals's determination of state law. It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law." (quoting *Schaetzle v. Cockrell*, 343 F.3d 440, 448–49 (5th Cir.2003)). To the extent Garcia's claim is based on federal law, it similarly does not raise a debatable issue among jurists of reason, as we have previously held that the question in the second special issue satisfied *Enmund*'s requirement of an individualized liability finding by the jury during the punishment phase,[2] *see*

---

[2] Garcia nevertheless contends that the question submitted to the jury did not comply with constitutional mandates. He points to the Supreme Court's decision in *Tison v. Arizona*, 481 U.S. 137, 158 (1987), in which the Court held that a felony-murder defendant who did not actually kill or attempt to kill may be sentenced to death if he (1) was a major participant in the felony committed; and (2) demonstrated reckless indifference to human life. Garcia

No. 15-70039

*Ramirez v. Dretke*, 398 F.3d 691, 697 (5th Cir. 2005), and Garcia does not argue that there has been any intervening change in the law.

Garcia's counsel did not render deficient performance in failing to seek a duplicative or additional instruction to which he was not entitled. *See Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (counsel cannot be considered constitutionally ineffective for failing to raise a meritless claim). Accordingly, reasonable jurists would not find the district court's rejection of this claim debatable.

### ii. Trial counsel's failure to object to the prosecutor's closing argument

At Garcia's trial, the prosecution presented six alternative theories of Garcia's guilt to the jury: the killing of a peace officer as a (1) principal, (2) party, or (3) conspirator, or killing in the course of a robbery as (4) principal, (5) party, or (6) conspirator. At closing argument, the prosecutor told the jurors that they did not have to unanimously agree on a single theory of guilt in order to find Garcia guilty. In his federal habeas application, Garcia argued that his trial counsel was ineffective in failing to object to that statement by the prosecutor, as he argued that the jury had to unanimously agree at least on whether Garcia was responsible for the killing of a peace officer or for killing in the course of a robbery. The district court rejected this claim, concluding that the prosecution's alternative theories represented alternative means of

---

argues that the second special issue submitted to the jury does not meet the standard established in *Tison* because it does not require a finding of reckless indifference to human life. We have previously granted a COA as to a claim that Texas's second special issue fails to comply with *Tison*. *See Gongora v. Quarterman*, No. 07-70031, 2008 WL 4656992, at *7 (5th Cir. Oct. 22, 2008). However, Garcia did not raise his *Tison*-based argument before the district court, and he has therefore forfeited it. *See, e.g., Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 626 (5th Cir. 2017) (citing *In re Paige*, 610 F.3d 865, 871 (5th Cir. 2010)) ("[T]his court generally does not consider arguments raised for the first time on appeal.").

committing a single offense—capital murder—and therefore did not require jury unanimity as to a particular theory.

In his application for a COA, Garcia does not challenge this conclusion. Instead, he points to other closing-argument statements by the prosecutor, which he contends were improper and may have misled the jurors to believe that they could find Garcia guilty *as a principal* based on the actions and mens rea of the seven escaped inmates as a group.  However, Garcia did not make this particular argument below, and we therefore do not consider it.  *See, e.g.*, *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 626 (5th Cir. 2017) (citing *In re Paige*, 610 F.3d 865, 871 (5th Cir. 2010)) ("[T]his court generally does not consider arguments raised for the first time on appeal.").

### iii.  Appellate counsel's failure to challenge admission of evidence of prison escape as unduly prejudicial

Garcia claims that he was denied constitutionally effective assistance because his state appellate counsel failed to argue that the extraneous offense evidence of his prison escape was erroneously admitted during the guilt phase of trial because it was unduly prejudicial.  Garcia raised this claim for the first time in a subsequent state habeas application, and the state court dismissed it as procedurally defaulted.  As previously explained, federal courts generally cannot grant habeas relief on claims that were not properly exhausted in state courts.  *See* 28 U.S.C. § 2254(b)(1).  In federal district court, Garcia argued that his lack of exhaustion and procedural default of the claim should be excused pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), under which ineffective state habeas counsel can be seen as cause to overcome the procedural default of a substantial ineffective assistance of trial counsel claim. The district court dismissed the claim as procedurally barred, stating that *Martinez*'s exception to the procedural bar does not apply to claims of

ineffective assistance of appellate counsel. In his application for a COA, Garcia renews his contention that *Martinez* applies to claims of ineffective assistance of appellate counsel. After briefing was concluded, the Supreme Court issued its opinion in *Davila v. Davis*, 137 S. Ct. 2058 (2017), in which the Court held that *Martinez*'s exception does not apply to claims of ineffective assistance of appellate counsel. Accordingly, jurists of reasons would not find the district court's procedural ruling debatable.

### b. Unconstitutionally Vague Jury Charge

As previously noted, at the punishment phase of Garcia's trial, the jury was asked to answer three "special issues" pursuant to article 37.071, section 2 of the Texas Code of Criminal Procedure, and an affirmative answer to the first two was required for a death sentence to be rendered. In the first special issue, the jury was asked: "Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant, JOSEPH C. GARCIA, would commit criminal acts of violence that would constitute a continuing threat to society?" The jury answered this question in the affirmative.

In his federal habeas application, Garcia argued that the term "probability" as used in the first special issue is unconstitutionally vague in violation of the Due Process Clause. He conceded, however, that his claim was foreclosed by this court's precedent, *see, e.g.*, *James v. Collins*, 987 F.2d 1116, 1120 (5th Cir. 1993), and he stated that he wished to preserve it for further review. The district court therefore denied relief as to this claim for lack of merit. In his application for a COA, Garcia contends that, this court's precedent approving of the state's general use of the word "probability" notwithstanding, the use of that undefined term in his particular case was unconstitutional because the jurors had demonstrated their confusion regarding the meaning of that term during voir dire. However, here, too,

Garcia did not make this particular argument below, and we therefore do not consider it. *See, e.g.*, *Jefferson Cmty. Health Care Ctrs., Inc.*, 849 F.3d at 626.

### c. Failure to Require Finding of Lack of Mitigating Circumstances Beyond Reasonable Doubt

Pursuant to article 37.071, section 2(e)(1) of the Texas Code of Criminal Procedure, the third special issue submitted to the jury at the penalty phase of Garcia's trial asked:

> Do you find, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?

The jury answered this question in the negative, which was required for a death sentence to be rendered. TEX. CODE CRIM. PRO. art. 37.071, § 2(g).

On direct appeal to the TCCA, Garcia contended that the third special issue was unconstitutional in that it did not require the jury to find a lack of sufficient mitigating circumstances beyond a reasonable doubt. Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he argued that the third special issue was "the functional equivalent of [an] element[], and must therefore be proven to a jury beyond a reasonable doubt." The TCCA rejected this claim as foreclosed under its precedent. *See Garcia v. State*, No. AP-74692, 2005 WL 395433, at *4 (Tex. Crim. App. Feb. 16, 2005) (citing *Escamilla v. State*, 143 S.W.3d 814, 828 (Tex. Crim. App. 2004)). In his federal habeas application, Garcia pressed the same claim while noting that it was foreclosed by this court's opinion in *Rowell v. Dretke*, 398 F.3d 370 (5th Cir. 2005).

In his application for a COA, Garcia again asserts this claim, and he points to the Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), as establishing his entitlement to relief. In *Hurst*, the Court held Florida's death-penalty sentencing scheme unconstitutional because it

required the sentencing judge, not the jury, to decide whether to impose the death penalty based on the judge's independent determination and weighing of aggravating and mitigating circumstances. *Id.* at 620. In so doing, the Court relied on its prior holding in *Ring v. Arizona*, 536 U.S. 584 (2002), that capital defendants are entitled to a jury determination beyond a reasonable doubt of any fact on which the legislature conditions the imposition of the death penalty. *Hurst*, 136 S. Ct. at 621–22 (discussing *Ring*, 536 U.S. at 604).

This court has "specifically held that the Texas death penalty scheme did not violate either *Apprendi* or *Ring* by failing to require the state to prove beyond a reasonable doubt the absence of mitigating circumstances." *Allen v. Stephens*, 805 F.3d 617, 627–28 (5th Cir. 2015) (internal quotation marks omitted) (quoting *Scheanette v. Quarterman*, 482 F.3d 815, 828 (5th Cir. 2007)). This holding rested on the reasoning that "through the guilt-innocence phase, 'the state was required to prove beyond a reasonable doubt every finding prerequisite to exposing [the defendant] to the maximum penalty of death. . . . [A] finding of mitigating circumstances reduces a sentence from death, rather than increasing it to death.'" *Id.* at 628 (quoting *Granados v. Quarterman*, 455 F.3d 529, 536–37 (5th Cir. 2006)). Garcia has not shown how the Supreme Court's opinion in *Hurst* disturbs this court's prior analysis and holding. We are therefore bound to apply our precedent, under which there is no need for a jury to find the absence of sufficient mitigating circumstances beyond a reasonable doubt. In this light, jurists of reason would not find the district court's resolution of this claim debatable.

## II. Appeal of the Denial of Evidentiary Hearings

The district court conducted an evidentiary hearing to determine whether Garcia can overcome the procedural bar that would otherwise preclude the presentation of claims that he did not exhaust in state courts. However, the court granted the State's request to exclude from the evidentiary

No. 15-70039

hearing Garcia's claims that trial counsel was ineffective for failing to object to the jury selection process and to the trial court's grant of the State's for-cause challenge to a particular veniremember.  Garcia appeals the district court's denial of an evidentiary hearing as to these claims of ineffective assistance of counsel.[3]  We review the district court's denial of an evidentiary hearing for abuse of discretion.  *Hall v. Quarterman*, 534 F.3d 365, 367 (5th Cir. 2008).  A district court does not abuse its discretion in denying an evidentiary hearing if "there is not 'a factual dispute which, if resolved in the prisoner's favor, would entitle him to relief.'"  *Norman v. Stephens*, 817 F.3d 226, 235 (5th Cir. 2016) (alteration omitted) (quoting *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000)).

### a. Trial Counsel's Agreement to Change Voir Dire Procedure

During voir dire of veniremembers prior to Garcia's trial, defense counsel agreed to allow the State to examine a pool of potential jurors before having to decide on the use of peremptory challenges.  In his federal habeas application, Garcia claimed that counsel's agreement to this procedure constituted ineffective assistance because it deprived him of the benefit of a state law requiring the State to exercise any peremptory challenge at the conclusion of each individual voir dire.  The district court granted the State's motion to deny an evidentiary hearing as to this claim because it found that Garcia had failed to properly allege that counsel's decision prejudiced his defense.

On appeal, Garcia asserts that he was entitled to an evidentiary hearing regarding his claim that counsel was ineffective in agreeing to the change in voir dire procedure.[4]  However, Garcia alleges no facts that could be

---

[3] No COA is required to appeal the denial of an evidentiary hearing.  *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).

[4] Garcia also complains of multiple other deficiencies in counsel's performance during voir dire and argues that they entitle him to an evidentiary hearing.  However, he did not

substantiated or revealed in an evidentiary hearing and that would permit a conclusion that, but for trial counsel's agreement to the changed procedure, Garcia would have obtained a different result at trial. *See Strickland*, 466 U.S. at 694. He therefore has not established a factual dispute that would entitle him to relief if resolved in his favor. Accordingly, the district court did not abuse its discretion in denying an evidentiary hearing on this claim. *See Norman*, 817 F.3d at 235.

### b. Trial Counsel's Failure to Object to the Trial Court's For-Cause Dismissal of a Particular Veniremember

Garcia argues that trial counsel was ineffective in failing to object to the trial court's grant of the State's for-cause challenge to veniremember David Chmurzynski. In his juror questionnaire, Chmurzynski indicated that he was "an 8 on a scale of 1 to 10" in favor of the death penalty and that he believed in "an eye for an eye." During individual voir dire, in response to the prosecutor's questions, Chmurzynski expressed his belief that the death penalty is appropriate only "in some cases" and that "taking a life is probably the ultimate crime or ultimate evil . . . [e]specially if it's done . . . maliciously and willfully."

The prosecutor subsequently explained to Chmurzynski that some people who support the death penalty are "not sure they can sit over here and do it." He told Chmurzynski about an actual execution that took place the previous week, during which the person being executed "gasped three times for air in the middle of a sentence." The following colloquy between the prosecutor and Chmurzynski ensued:

> [Q.] People come down and tell us, you know, that's maybe not a situation that's right for them. . . . That's why we ask the question. And I liken it to washing windows on a skyscraper. I know that

---

raise these claims before the district court, and we therefore do not consider them. *See, e.g.*, *Jefferson Cmty. Health Care Ctrs., Inc.*, 849 F.3d at 626.

needs to be done, but me, personally, you can't get me up there. That's just something that I can't do.

A. Right.

Q. Have you thought about that? Serving on a case like that to make that decision?

A. I have.

Q. And what are your thoughts about whether you can participate?

A. I think it would be a difficult thing for me to do.

Q. That's fair. . . . You are certainly entitled to that. And I ask because I don't think it would be fair to me to say to you, too bad, get over there, anyway. I don't think it would be fair to you.

A. Right.

Q. And that's why I ask and I certainly don't want to put you in a position where that would compromise yourself.

A. Right.

Thereafter, the State challenged Chmurzynski for cause. Garcia's counsel responded, "The defense will remain silent," and the trial court granted the State's challenge. The trial court added, "For the record, the Court, sitting higher than the jurors, I have had an opportunity to view the jurors. This juror was extremely nervous. His hands were quivering. In response to the question whether or not he could assess the death penalty, his voice broke."

In his federal habeas application, Garcia contended that Chmurzynski was removed merely because he expressed reservations about the use of the death penalty and did not endorse its use in all cases, and he asserted that removal of a veniremember for these reasons is improper. Garcia claimed that trial counsel's failure to object to Chmurzynski's for-cause dismissal therefore constituted ineffective assistance. The district court granted the State's motion to deny an evidentiary hearing as to this claim because it found that Garcia had failed to properly allege that counsel's failure to object prejudiced his defense. On appeal, Garcia asserts that he was entitled to an evidentiary

hearing regarding this claim.  He contends that had trial counsel objected to Chmurzynski's dismissal, the prosecutor's for-cause challenge would not have prevailed.

"[A] juror may not be challenged for cause based on his views about capital punishment unless those views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath."  *Adams v. Texas*, 448 U.S. 38, 45 (1980).  Whether a juror is excludable under this standard is a question of fact.  *See Ortiz v. Quarterman*, 504 F.3d 492, 501 (5th Cir. 2007) (citing *Wainwright v. Witt*, 469 U.S. 412, 424 (1985)).

Here, the colloquy between the prosecutor and Chmurzynski called the veniremember's ability to perform his duties in an impartial manner into question.  The trial court's observations regarding Chmurzynski's demeanor reinforced the suggestion of partiality and led the court to conclude that Chmurzynski could not perform his duties as a juror in accordance with the law in deciding whether to impose the death penalty.  Garcia argues that Chmurzynski's demeanor during voir dire "was entirely reasonable and within the range of normal behavior" in light of the prosecutor's vivid description of an execution.  He asserts that at an evidentiary hearing, he would be able to develop evidence of trial counsel's knowledge of facts and law relevant to counsel's failure to object.

However, in light of the transcript and the trial court's sua sponte clarification of the basis for its ruling, we are unpersuaded that there is a reasonable probability that the trial court would have ruled differently on the State's challenge had Garcia's counsel objected.  *See Strickland*, 466 U.S. at 694.  Nor are we persuaded that there is a reasonable probability that a reviewing court would have overruled the trial court's resolution of this factual

question had a challenge been preserved.[5]     *See Witt*, 469 U.S. at 426 ("[D]eference must be paid to the trial judge who sees and hears the juror."). Because an evidentiary hearing would not have affected Garcia's failure to establish prejudice by counsel's alleged error, the district court did not abuse its discretion in denying an evidentiary hearing on this claim. *See Norman*, 817 F.3d at 235.

## III.   CONCLUSION

Garcia's attorneys from the Arizona Federal Public Defender's Office have done an admirable job of sifting through the record and seeking to raise the strongest challenges to Garcia's conviction and sentence, but we cannot consider many of these challenges, as they were not raised before the district court.   For the forgoing reasons, we conclude that Garcia has not made a substantial showing of the denial of a constitutional right and therefore deny his application for a COA, and we find no abuse of discretion in the district court's denial of evidentiary hearings.

---

[5] In his brief on appeal, Garcia states in passing that "defense counsel did not question Chmurzynski to rehabilitate him to alleviate the trial court's concerns."   He does not, however, further develop this contention, and he does not explain its significance and support it with relevant authority.   We therefore do not consider it. *See, e.g.*, *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (deeming a party's challenge forfeited for inadequate briefing).